18-1774-cv (L)
Fidelity Brokerage Services v. Deutsch

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand nineteen.

PRESENT:  DENNIS JACOBS,
          REENA RAGGI
          GERARD E. LYNCH,
                         Circuit Judges.
- - - - - - - - - - - - - - - - - - -X

FIDELITY BROKERAGE SERVICES LLC,
NATIONAL FINANCIAL SERVICES LLC,
          Petitioners-Appellees,

          -v.-                                    18-1774; 18-1896

PETER E. DEUTSCH, WILLIAM J. DEUTSCH,

1

<u>**Respondents-Appellants,**</u>

**FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.,**
<u>**Defendant**</u>**.**

- - - - - - - - - - - - - - - - - - -X

FOR APPELLANTS: Howard Graff (Michael S. Cryan <u>on the brief</u>), Arent Fox LLP, New York, NY.

FOR APPELLEES: Mark D. Knoll, Bressler, Amery & Ross, P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Buchwald, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Peter and William Deutsch participated in an arbitration against Fidelity Brokerage Services LLC and National Financial Services LLC (together "Fidelity") alleging claims based on tort, contract, and violation of the rules of the Financial Industry Regulatory Authority ("FINRA") related to their failed investment in China Medical Technologies, Inc. After 50 days of hearings, the FINRA arbitration panel issued an award denying the Deutsches' claims in their entirety. The Deutsches appeal from the judgment of the United States District Court for the Southern District of New York (Buchwald, <u>J.</u>) granting Fidelity's petition to confirm the award and denying the Deutsches' petition to vacate the award. "We review a district court's decision to confirm or vacate an arbitration award as beyond the arbitrator's powers de novo as to legal issues and for clear error as to factual findings." <u>Gen. Re Life Corp. v. Lincoln Nat'l Life Ins. Co.</u>, 909 F.3d 544, 548 (2d Cir. 2018). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

2

**1.** The Deutsches argue manifest disregard. "A litigant seeking to vacate an arbitration award based on alleged manifest disregard of the law bears a heavy burden . . . . [T]he award should be enforced, despite a court's disagreement with it on the merits, if there is a *barely colorable justification* for the outcome reached." T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc., 592 F.3d 329, 339 (2d Cir. 2010) (internal citations and quotation marks omitted) (emphasis in original). Under this standard, we vacate an award only if the law was (1) clearly applicable to the matter at hand, (2) known to the arbitrators, and (3) intentionally misapplied. Id.

The panel correctly applied the law. The Deutsches alleged that Fidelity breached tort and contract duties by unlawfully lending stock held in their accounts and by refusing to accept certain of their purchase orders for China Medical stock. The panel ruled that even assuming unlawful actions by Fidelity, the Deutsches failed to prove damages because nothing could have redeemed the Deutsches' failed investment strategy in China Medical. And damages are an element of both breach of contract and breach of fiduciary duty claims. See Orchard Fill Master Fund Ltd. v. SBA Commc'ns Corp., 830 F.3d 152, 156 (2d Cir. 2016) (contract); SCS Commc'ns, Inc. v. Herrick Co., 360 F.3d 329, 342 (2d Cir. 2004) (fiduciary duty).

**2.** The Deutsches argue that the panel failed to adjudicate their common law claims that accrued prior to July 16, 2012. The text of the award directly contradicts this claim: the panel listed all the claims raised in the Deutsches' complaints and expressly stated that those claims were "denied in their entirety," A-31, including "any and all claims for relief not specifically addressed [t]herein." A-32. The Deutsches posit that the only claims denied were the subset of their allegations the panel described and deemed "submitted for decision," which the panel described as "two-fold: (1) Fidelity's allegedly unlawful lending out of . . . common stock held in the Deutsch margin account(s) . . . and (2) Fidelity's alleged breach of contract and fiduciary duty by refusing to accept purchase order for [China Medical] placed by Deutsch on or after July 16, 2012." A-32. But the panel's description of "submitted" issues included all of the Deutsches' claims, and the panel's discussion of two time periods does not suggest otherwise. The "unlawful lending of common stock held in the

3

Deutsch margin account" is an accurate characterization of *both* the Deutsches' pre-July-2012 FINRA rule *and* their common law claims.   See Barbier v. Shearson Lehman Hutton Inc., 948 F.2d 117, 121 (2d Cir. 1991) ("[A]rbitrators properly may describe the claims in one all-encompassing term in place of a listing of all claims.").

**3.** An arbitration award may be vacated "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."   9 U.S.C. § 10(a)(4).

The Deutsches claim that the panel exceeded its authority by deciding a never asserted equitable claim.   This argument is meritless.

In dicta, the panel criticized Fidelity's decision to terminate the Deutsches' trading in China Medical, but went on to deny the claims for lack of damages. The Deutsches mischaracterize these comments as the adjudication of a claim that was never asserted.   But the panel observed that its misgivings regarding Fidelity's actions had no effect on the Deutsches' claims.

**4.** An arbitral award may be vacated "where the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy."   9 U.S.C. § 10(a)(3).   The Deutsches argue that the panel's refusal to admit expert testimony during their rebuttal case warrants vacatur.

"Arbitrators have substantial discretion to admit or exclude evidence." LJL 33rd St. Assocs., LLC v. Pitcairn Properties Inc., 725 F.3d 184, 195 (2d Cir. 2013).   "[E]xcept where fundamental fairness is violated, arbitration determinations will not be opened up to evidentiary review."   Tempo Shain Corp. v. Bertek, Inc., 120 F.3d 16, 20 (2d Cir. 1997).

The panel was well within its discretion to reject the proffer of expert testimony during the Deutsches' rebuttal case.   The panel permitted the Deutsches to call 16 witnesses during their 26-day affirmative case, including six experts.   And the panel allowed the Deutsches to call two additional witnesses on rebuttal, and considered a written proffer of the proposed expert testimony it refused to hear in person.

4

We have considered the Deutsches' remaining arguments and find them to be without merit.   For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK